IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MARISSA FRISCHKNECHT, J.J., BY AND THROUGH NEXT FRIEND, MARISSA FRISCHKNECHT; | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 3:20-05084-CV-RK |
| v. | ) ) ) |
| REEDS SPRING R-IV SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## ORDER PROVISIONALLY GRANTING MOTION TO DISMISS

Before the Court is Defendant Reeds Spring R-IV School District ("District")'s motion to dismiss. (Doc. 7.) The Motion is fully briefed. (Docs. 8, 9, 11.) After careful consideration, the motion is **PROVISIONALLY GRANTED**. Plaintiffs will have fourteen (14) days from this order to file a motion for leave to amend their Complaint.

### Background[1]

Plaintiff Marissa Frischknecht is the mother of J.J. ("Minor"), who was at all relevant times a student of the District. On January 15, 2020, Minor left class to use the restroom, and claims another student forced her into an "unlocked storage closet in the band room at the high school and sexually assaulted" her. Plaintiffs claim the incident occurred because the District (a) failed to monitor Minor's whereabouts, (b) failed to "seek the whereabouts" of Minor when she failed to return to class, (c) failed to lock the band room and storage closet doors, and (d) failed to monitor security cameras. Plaintiffs claim the District "knew or should have known" such failures gave risk to a "potential for assault or harm," and further allege District failed to train administration, teachers and staff in order to prevent the conduct that harmed Minor. Plaintiffs bring this action against the District, alleging the District violated Minor's federal rights under Title IX, and 42 U.S.C. § 1983.

### Legal Standard

Federal pleading rules provide that a pleading must contain "a short and plain statement of

---

[1] All facts are taken from the Complaint (Doc. 1) and accepted as true for the present motion.

the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

## Discussion

The District moves to dismiss the Complaint because Plaintiffs failed to plead actual knowledge for the Title IX claim and failed to plead the District was deliberately indifferent or there were past incidents as to the § 1983 claim. The Court will discuss each in turn.

**I. Plaintiffs' Title IX Claim Fails Because if Does Not Plead Actual Knowledge on the Part of the District**

Title IX provides "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal assistance." 20 U.S.C. § 1681(a). "However, a recipient of federal funds may only be liable for damages arising from its own misconduct." *Shrum v. Kluck*, 249 F.3d 773, 781 (8th Cir. 2001). In the instance of sexual assault or harassment, "[a] plaintiff must show that the institution had 'substantial control over both the harasser and the context in which the known harassment occurs.'" *Roe v. St. Louis Univ.*, 746 F.3d 874, 882 (8th Cir. 2014) (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999). Thus, "[f]or a school district to incur liability under Title IX, it must be (1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." *Shrum*, 249 F.3d at 782. In the context of sexual assault by one student against another, for a school to be

2

liable, their "deliberate indifference must either have caused the harassment or made students vulnerable to it." *Roe*, 746 F.3d at 882.

Here, Plaintiffs fail to allege District had actual knowledge of any harassment or discrimination on which it failed to act. Plaintiffs argue they have sufficiently pleaded actual knowledge because they pleaded "District knew or should have known that if it failed to monitor the whereabout of students and failed to lock classrooms, band rooms and storage closets not in use, then the potential for assault or harm would exist on the property." (Doc. 1, ¶ 14.) Plaintiffs also allege failing to monitor and lock rooms created a dangerous condition which could cause the damages alleged. (*Id.*, ¶ 18.) These arguments fail for a few reasons. First, pleading the District knew or should have known is insufficient to impose liability on the District under Title IX. *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017) (holding a school must "have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault" in order to satisfy the actual knowledge requirement.)

Second, Plaintiffs never plead Minor or anyone else was ever sexually assaulted under similar conditions on a previous occasion. In their response, Plaintiffs attempt to identify previous instances of sexual assault or malfeasance in the Reed's Spring R-IV School District. For instance, Plaintiffs cite to two cases, *Jodi Heckler v. Earl Johnson, et al.*, Stone County Case No. 17SN-CC00147, and *Jodi Heckler v. Earl Johnson, et al.*, Case No. 3:17-CV-05258-RK. Both cases appear to involve allegations by a female employee of sexual harassment by a male superintendent and subsequent retaliation for making a report. However, neither case appears to present instances of student-on-student sexual assault or harassment and does not involve circumstances similar to the sexual assault that occurred in this case. Thus, even if the allegations in those cases were true,[2] they are not "previous incidents of *similar* harassment" from which the Court could find actual knowledge and deliberate indifference. *Culver-Stockton*, 865 F.3d at 1056-57 (emphasis added). Plaintiffs also argue they have spoken with individuals "that know of prior sexual assaults or incidents with the Reeds Spring School District, including another minor that was sexually assaulted in the very band room closet at issue in this case." (Doc. 9, p.4.) Plaintiffs have not pleaded this in their Complaint, and thus the Court will not consider it for the purposes of the present motion. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)

---

[2] The cases appear to have been settled by the District and the District does not concede any factual allegations within those suits are true.

("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Therefore, Plaintiffs' Title IX claim fails to state a claim and will be provisionally dismissed.[3]

## II. Plaintiffs' § 1983 Claim Fails Because the Complaint Does Not Allege Deliberate Indifference or a Pattern of Similar Incidents

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A school district may be accountable for the unconstitutional acts of its employees if a constitutional deprivation results from either (1) implementation or execution of an unconstitutional policy or custom by school officials or employees, or (2) in the event of a substantive due process violation, an executive action by a school official." *Shrum*, 249 F.3d at 778 (internal citation omitted). Thus, Plaintiffs must allege a school official acted "with the requisite degree of culpability" and that a "direct causal link" connects the District's action and the alleged deprivation of Minor's rights. *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)).

To any extent Plaintiffs attempt to plead a § 1983 claim for the alleged Title IX violations above, they too fail. *KD v. Douglas Cty. Sch. Dist.*, No. 8:17CV285, 2019 U.S. Dist. LEXIS 190377, at *30 (D. Neb. Nov. 1, 2019) (holding "because [p]laintiffs' § 1983 claims are based on the alleged Title IX violations, they must be examined under the same standard as Title IX.").

Plaintiffs also allege the District lacked written policies; the District failed to train its employees; and the presence of unlocked closets created a dangerous condition on the school property. As to the lack of written policies, the Eighth Circuit has held a public entity may not be held liable under § 1983 merely for failing "to implement a policy that would have prevented an unconstitutional action by an employee otherwise left to his own discretion." *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). Here, although the District's written policies are public record, Plaintiffs do not allege any specific policy was deficient or

---

[3] The Court notes the deliberate indifference analysis under § 1983 below would be similar to any deliberate indifference analysis under Title IX and provides an additional reason the Title IX claim fails to state a claim.

4

unconstitutional.  As such, merely alleging the written policies were inadequate is insufficient to state a claim under § 1983.

Next, in order to prevail on an inadequate training claim, Plaintiffs must allege (1) the training practices of the District were inadequate, (2) the District was deliberately indifferent to the rights of others in adopting the practices, such that the failure to train was a conscious choice of the District, and (3) the deficiency in the training procedures actually caused the Plaintiffs' injuries.  *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010).  Again, Plaintiffs merely allege there was inadequate training, yet provide no factual allegations as to how such training was inadequate; how the District was deliberately indifferent in adopting said practices; or how such deficient training actually caused Plaintiffs' injuries.  Additionally, regarding the deliberate indifference requirement, Plaintiffs allege no prior incidents of sexual assault.  *See Atkinson v. City of Mtn. View*, 709 F.3d 1201, 1216 (8th Cir. 2013) ("Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability.")

Finally, as to any allegations that District created a dangerous condition on the property "school districts are not susceptible to [a] state-created danger theory of § 1983 liability[] because there is no constitutional duty of care for school districts, as 'state-mandated school attendance does not entail so restrictive a custodial relationship as to impose a duty upon the state.'"  *Shrum*, 249 F.3d at 781 (quoting *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3 729, 732 (8th Cir. 1993)); *see also Vernonia Sch. Dist. v. Acton*, 515 U.S. 646, 655 (1995) ("we do not, of course, suggest that public schools as a general matter have such a degree of control over children as to give risk to a constitutional 'duty to protect.'").  Therefore, Plaintiffs failed to state a claim under § 1983 as well.

## Conclusion

Accordingly, District's motion to dismiss for failure to state a claim is **PROVISIONALLY GRANTED**.  Plaintiffs may file a motion for leave to amend, with an attached proposed amended Complaint, within fourteen (14) days of this Order.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 16, 2020